**W.S. McMURTREY, Appellant,**

v.

**GAINESVILLE LIVESTOCK MARKETING, Appellee.**

**No. 2–84–122–CV.**

Court of Appeals of Texas, Fort Worth.

Jan. 10, 1985.

Barnhart & Morris, and John H. Morris, Gainesville, for appellant.

Belvin R. Harris, Gainesville, for appellee.

Before HUGHES, JORDAN and ASHWORTH, JJ.

## OPINION

HUGHES, Justice.

Appellant, McMurtrey, has appealed the granting of a summary judgment in favor of appellee, Gainesville Livestock Marketing, Inc., in a suit for conversion of cattle. Appellant had filed suit alleging that his cattle were stolen by Leonard Hackworth and delivered to appellee for sale.

We reverse and remand for trial on the merits.

Appellee filed a motion for summary judgment, alleging that there was no evidence to raise the following fact issues:

(1) whether the appellant owned 5 head of cattle which were stolen by Leonard Hackworth on or about July 6, 1979;

(2) whether Leonard Hackworth delivered the same cattle to appellee for purpose of sale on July 6, 1979; and

(3) whether the appellee converted the cattle of appellant and sold stolen cattle.

The summary judgment evidence consisted of:

(1) a deposition of Leonard Hackworth taken on May 6, 1981 with three exhibits attached (Hackworth's confession of August 6, 1979; two checks written by appellee to Hackworth—a.k.a. J.D. Hekie; and an invoice from the appellee to Hackworth—a.k.a. J.D. Hekie—describing the cattle sold on July 6, 1979);

(2) an affidavit of appellant attached to his response to motion for summary judgment; and

(3) an affidavit of Henry Stewart, an investigator for the Oklahoma Cattleman's Association, also attached to appellant's response to motion for summary judgment.

First, we believe that the evidence was sufficient to raise a fact issue as to whether the appellant owned 5 head of cattle which were allegedly stolen by Leonard Hackworth, using the name J.D. Hekie, on or about July 6, 1979.

Appellant's affidavit states that he owned 9 head of cattle which he discovered missing on July 6, 1979, from a pasture in Carter County, Oklahoma, near Lone Grove. He states that he later recovered four of the cattle. The 5 not recovered were described as two black cows, a mixed breed Charolais cow, a white-faced Hereford bull, and a white-faced Hereford cow, all with the brand "M".

Investigator Henry Stewart's affidavit states that appellant showed him the pasture from which appellant's cattle had been stolen. It also states that Hackworth, while under arrest, showed him the various pastures from which he had stolen cattle, and that one pasture was the same pasture previously shown to him by appellant as the pasture from which the 9 head of cattle had been stolen.

Hackworth, in his deposition, admitted stealing cattle from near Lone Grove, Oklahoma, on at least two occasions. He could not say specifically who owned the cattle or pastures where he committed the thefts.

We hold that a fact issue was raised as to whether Hackworth stole appellant's cattle on July 6, 1979.

Second, we believe that the evidence was sufficient to raise a fact issue as to whether Hackworth delivered appellant's cattle to appellee for sale on July 6, 1979.

Hackworth's deposition states that he delivered cattle to Gainesville around July of 1979 and it was the last load of cattle he sold before being transferred to Louisiana to work. His confession of August 1979 which is attached to his deposition corroborates this statement. Further, the invoice from appellee to Hackworth (a.k.a. J.D. Hekie) shows that Hackworth delivered 5 cattle to appellee on July 6, 1979; two black cows, a mixed breed Charolais cow, a white-faced bull, and a white-faced cow. The invoice describes them as having eartags numbered 678 through 682. The "M" brand is not mentioned.

While this evidence is not conclusive, we hold that it does raise a fact issue as to whether Hackworth delivered appellant's cattle to appellee on July 6, 1979 for sale.

Third, we think there was a fact issue as to whether appellee sold appellant's cattle.

The invoice from appellee to Hackworth (a.k.a. J.D. Hekie) dated July 6, 1979 and the check from appellee to Hackworth (Hekie) demonstrates that appellee did sell 5 cattle brought to appellee by Hackworth. This evidence also shows that the cattle sold matched the descriptions of the cattle appellant claims were stolen from him, except for the "M" brand which was not described on the invoice. Hackworth's deposition never specifically says that the cattle taken from near Lone Grove were taken to Gainesville on July 6, 1979.

Once again, the proof is not conclusive but it does raise a fact issue as to whether appellee sold appellant's cattle on July 6, 1979.

Reversed and remanded for trial on the merits.